May it please the court, good morning, my name is Kari Hong and I represent petitioner Fernando Mendiola. Appearing before me, or with me, is co-counsel Helen Sklar. In this case, the BIA denied Mr. Mendiola's bar complaint upon a finding that he had failed to comply, or his motion reopened on the finding that he failed to file a bar complaint. This finding is contrary to the plain language contained in the Lizada, which requires that this requirement is met when a bar complaint is filed, or an explanation is provided as to why one is not being filed. In addition, this finding is contrary to Ninth Circuit precedent, which provides that a bar complaint is not required and a case will not be denied on this procedural basis alone. Let me tell you what worries me about your Lizada argument. I'm troubled by the third requirement. Mr. Sanchez did indicate in an affidavit that he chose to keep you on, that you've been representing the family for years. And I believe in this case there was no collusion. But, how are we to know that moving forward in other cases may disaffectively guts the third Lizada requirement, and unethical attorneys, which you are not, could abuse the process simply by coming in and saying, well, you know, I was ineffective. How are we to prevent that? It's sort of a parade of the horribles if we gut that third requirement of Lizada, assuming Lizada applies. I believe that there would be a fact-specific analysis for each case. When this happened in Loewe v. Ashcroft, it was a similar situation in which a client chose to retain the attorney who had made the mistake before the immigration court. That attorney continued to represent him, or represent the petitioners both before the B.I. and the Ninth Circuit. I had a case in which there was a very elaborate explanation having to do with problems with the attorney's staff, which was fairly sui generis, and which didn't, which, although the attorney was technically responsible, it really was not. Is that much true? Correct, that the staff gave the clients the wrong hearing date, and so they didn't show up when they were supposed to be. Here we have a situation where Ms. Klor has confessed incompetence essentially twice, not once, on completely different grounds in these two different cases. And it certainly gives one pause in terms of the fact that there's, it appears that if we had this go forward, every time a lawyer makes a mistake or even doesn't make a mistake but can come up with a mistake, she can get her client reconsidered at that point, and at the same time not endanger his or her own status in the bar. Well, I think there's a key fact unique to Fernando's case, and that is that Ms. Klor filed a motion to reopen in 2004 before the Ninth Circuit decision came down. That motion presented the claim that his daughter had naturalized, that he was eligible for a green card. That motion did not make it. Give me a question. Was there, there was some oblique reference somewhere to the fact that his wife had earlier filed an application for him. Whatever happened to that? Well, I believe that she wasn't a citizen at the time, so even though that was pending, that wouldn't be a basis to reopen his case. By contrast, in 2002. I thought it was actually approved. But she wasn't a citizen, so it wasn't immediately available in order to apply for a motion to reopen and to seek status. By contrast, the BIA provided in 2002 a decision that when there is an immediate qualifying relative, which is the citizen, either a child or a spouse, which his daughter is, a motion to reopen can be filed without waiting for the I-130 to be approved. Was there some timing problem with regard to the daughter's application anyway, in the sense that it had to be filed before some date in 2001 and wasn't? No, it had to be filed before October 18, 2002, and that's 90 days after the BIA denied. I thought more generally that, not having to do with his particular timing, that because he had come into the country illegally, there was a cutoff date by which he could have such an application filed on his behalf. Is that not correct? With the grandfather clause. I do believe that that was met. I can't remember the facts right now, but I can provide supplemental briefing to the court. The BIA did not deny the motion to reopen in 2004 on that basis. Right, but if it's all futile anyway, then she really didn't make a mistake. Pardon? If it's all futile anyway, then there really was no mistake. Yes, but I believe that he would have been able to be grandfathered in. I assume maybe that was the wife's petition that was filed before. I'd have to look at the records to confirm that. The wife's petition was filed before, but it wasn't an adequate petition, you're saying, and the daughter's petition wasn't a timely petition, so it doesn't appear that there really was any error. Well, under the grandfathering clause, I think as long as something was filed before April 2001, that can be enough to qualify. And I think as long as there's a second one that can count, he could have been grandfathered in. I believe, I can't recall, but I believe that argument was made, and that's not at issue right now because the BIA didn't deny it on that ground. For that reason, we respectfully request that the BIA actually reach the merits. If that is the basis, I mean, that's a separate issue, but that's not on the record because the BIA didn't even get to the merits of the case, which it could have and it should have under both Lozada and under Ninth Circuit law. My question is, it's true that they don't always have to comply with Lozada, but the question is whether the BIA abuses discretion in concluding that this is a circumstance, an odd circumstance at least, in which you did have to comply with Lozada because there was some possibility of the concerns that this Lozada provision was addressed to. The BIA could have done that in its decision, but it didn't. Instead, it just listed general objections that were applied to hypothetical situations. The BIA did not express, did not actually review the reasons provided by Mr. Mendiola as to why he was not filing a bar complaint and whether that was adequate. You concede that the BIA would be able to pass on that question. Absolutely. I mean, that's part of what Lozada says, that it has to provide an adequate, either a reason to file the bar complaint or a reason why not. Implicitly, it has to be an adequate reason. The BIA is free to, it could have denied it on this issue, but it did not. And that's what we contend is the error that needs to be addressed. So essentially, you're presenting this as a really narrow case, which is simply that the BIA did not properly apply Lozada because he did, in fact, give reasons and they didn't review his reasons. Correct. Very at the end. Correct. Would you comment on the matter of Compion, as we asked? Of course, our circuit has yet to rule upon it. Assuming it's good law, how would it affect this case if at all? Thank you. And I filed a response to the Rule 28J letter yesterday with the court. I think there are two issues. One, the government agrees that under the express language in that decision, prior motions reopened that were filed before January 2009 are to be governed by Lozada. In the filing with the court, I actually quoted the AG in which he made that provision. So I would contend that the court doesn't have to reach that issue in this case at all. However, I'd like to bring to the court's attention footnote 8 in Compion, in which the Attorney General, I mean, in recognizing that seven of the circuits have held that there is a Fifth Amendment right to effective assistance of counsel and four have not, expressly instruct the board and the immigration judges within the seven circuits, of which the Ninth Circuit is, to basically ignore that precedent and contend that there isn't a Fifth Amendment right in order for those circuits to reconsider those decisions. What is notable is that the Attorney General doesn't have the power to overturn the Ninth Circuit. The Attorney General doesn't have the power to overturn the other federal circuits. In the briefing that I filed with the court yesterday, both the BIA and the federal courts recognized that the BIA's expertise is limited to immigration law and constitutional questions are outside of that expertise, which is why the BIA must defer to federal courts on this question. The Attorney General recognizes this in footnote 8 by recognizing, quote, if notwithstanding my decision today, a court of appeals subsequently reaffirms or decides in the first instances that there is a constitutional right to effective assistance of counsel and the court's decision has become final, the board and immigration judges will then apply that to their decisions accordingly. So on that, I would contend that the Ninth Circuit still has the authority to decide this issue, to reaffirm its prior decisions and continue recognizing that the Fifth Amendment does apply to removal proceedings. Thank you. To go back for a moment to the scope of the case, do we need to decide anything about equitable tolling on your view of the case? No. No, because once again, the BIA — Or it didn't reach it. Right. All right. Thank you very much for the argument. Thank you. Very helpful. May it please the Court, my name is Brooke Maurer, for Respondent Attorney General. The focus on this case is clearly the abuse, whether the board abuses discretion in denying the motion to reopen. And the board focused on two things. Contrary to Petitioner's assertion, the board did recognize the equitable tolling, as you noted in the second paragraph of the board decision, noting that equitable tolling is basically the issue to open an untimely case. I mean, it's not contradicted that this was an untimely filing. And the board did go to the equitable tolling determination, finding that there was an issue with diligence as far as pursuing the claim in a timely fashion. The board then goes and moves on to the Lozada requirements and says in any event, you know, whether you sit there and look at this as being just the due diligence failure. If the counsel was ineffective, then you can't close the gap on the equitable tolling by the fact that she was even more ineffective. So that's not going to help the problem, right? No, I can't. I agree. But, I mean, the fact is that the board found that she was not diligent in pursuing the claim. And furthermore, you know, He wasn't, but it didn't find that her client wasn't independently. Well, the client himself was, I mean, he was put on notice, of course, when she says she went after the claim. And there is, of course, nothing in the record to determine whether or not the client himself got the denial of the motion to reopen. That was done on June 4th, 2004. So I can't speak to that matter whether he had. So does everything, in fact, come down to Lozada? It sounds like you're saying that. Basically, yes, it does. And the failure to file a bar complaint. Now, the board has specifically stated its policy for the requirements for the bar complaints. And the bar complaints are helpful for the board. It helps them draw on the expertise of the bar. I don't think we question the validity of the requirement. The question here is Lozada clearly sets out that is an alternative. That is an explanation, either file the bar complaint or explain why not. In this case, they didn't file a bar complaint and, at least in form, made an explanation as to why not. The board's decision doesn't explain what's wrong with the why not explanation. And since Lozada clearly includes that as an alternative, it's hard to figure out exactly. I mean, I can infer from this that they decided that it's not, that the excuse wasn't good enough. But they don't seem to say, is there anything here that says that the excuse isn't good enough? No, and as in there is, I know there were general languages in there. And, like, yes, it would be by reference in the record. So if you find that the board's reasoning wasn't in there, you would, you know, necessarily have to send it back to them to make that determination based on the form. How would you distinguish the low case? Excuse me? How would you distinguish the low case? In the low case, it was facially deficient in the record. I mean, you can see that the Petitioners did not show up for the actual hearing. I mean, they missed their hearing. They were ordered, removed in absentia based upon that. In this case, there's a difference because the Petitioner's counsel didn't file for an adjustment of status relief. Now, I'd be speculating by looking at the record. But based upon the facts presented in the record, she hadn't even filed an application for adjustment of status or even begun the application for the Petitioner until January of 2003, I believe. So she wouldn't have even had the proper application at that time. So it would be like I'm hypothecating, of course. So there might not have even been, like, any relief to grant or to reopen since the motion wasn't actually there in the first place. I'm not understanding at all. I think what Judge Nelson means is how would you distinguish it with regard to the question of whether Lizado compliance existed or not. I believe that's a question we've now agreed is before us. And it's just not facially on the record. It's not. It's not facially on the record. Per deficiency. Like, that's another. Like, this Court has also determined. That's not the question. No. You think there's another Lizado problem other than the failure to file the bar? Well, one of the requirements I know is the Board, you know, is to express, you know, to express, like, why it denied things. And I know that this looks muddled and clear, but there's case law that also states that you don't have to file a bar complaint when there's a counsel's deficient on the record. Like, their performance is deficient and it's shown in the record that they've actually done something improper. And in this case, that's not the case. I mean, we don't have a clear glaring discretion, which is the requirement for the bar complaint, because the Board basically was looking at this was a mistake or missing the filing deadline. The requirement, as I stated before, and I think that I'm kind of talking in a confusing manner, and I apologize to the Court, but for them to go to the Board or the bar and draw on their expertise, whether this actual missing of the deadline was ineffective assistance of counsel or, in fact, was just a mistake. You know, the real problem with this requirement, to tell you the honest truth, is that the bar doesn't want any part of them and doesn't do anything with them, and they are totally useless. I understand why. It might have been a good idea, but it isn't accomplishing anything. Well, thankfully, we have new law, which is applicable as counsel addressed in this case, and hopefully we'll have some type of streamlined and more effective system next time. But as far as your question, I mean, if you find that there hasn't been sufficient organization, yes, of course, the Board must address this. They should be interested, but they're not interested. So in the end, if there was simply a grant that said, Bora, explain yourself, do you have any real problem with that? Excuse me? Do you have any real problem with that, or do you think there's anything? Does that seem appropriate given the fact that this opinion does not really deal with the question of why the explanation was not adequate? I mean, as far as the government stands, it feels like it addressed it to the point where it wasn't facially on the record. I'd like for us to infer an explanation, but if we're not prepared to, you understand. Yes, that is correct. If there's no further questions, the government submits. Just to quickly address the government's point, the record does have the clear error memorialized at 81 through 89 is the motion to reopen filed in 2004 that was filed without the time limitations and was filed erroneously. Well, she contended that the record is absent, that in some ways that this. I mean, it was filed well after the 90 days, even though it could have been filed within the 90 days. Right. And the daughter, in fact, became a citizen during the 90. Correct. I don't know if there's enough time to have filed an application and to have this little mysterious, given the fact that Ms. Clark does not seem generally incompetent, actually. In fact, I wanted to say that, in general, this argument on both sides was unusually good for an immigration case. Thank you. Thank you. Thank you.
judges: Nelson D. W., Berzon, Clifton